United States District Court
District of Massachusetts

```
                              )
Mark Sommer,                  )
                              )
          Plaintiff,          )
                              )
     v.                       )    Civil Action No.
                              )    24-11844-NMG
CleanChoice Energy, Inc.,     )
                              )
          Defendant.          )
                              )
```

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is the motion of plaintiff Mark Sommer ("plaintiff" or "Sommer") for reconsideration (Docket No. 51). Plaintiff's motion follows the Order of this Court (Docket No. 47) ("the Order") allowing the motion to dismiss of defendant CleanChoice Energy, Inc ("Defendant" or "CleanChoice"). For the following reasons, plaintiff's motion will be denied.

I.   **Background**

This case arises from a contract between the parties for the supply of energy. In July, 2024, Sommer sued defendant for alleged breach of contract based upon its pricing model, unfair and deceptive trade practices related to pricing and renewable-energy-sources representations and unjust enrichment. He contends that CleanChoice charged rates far beyond what the

-1-

contract permitted and misrepresented that 100% of Sommer's energy would be supplied from renewable sources.

In September, 2025, the Court allowed, in part, and denied, in part, defendant's motion to dismiss the complaint (Docket No. 47).  The Court found no breach of contract or deceptive pricing practices because the contract afforded defendant wide discretion in setting prices.  The Court did conclude, however, that Sommer had plausibly alleged unfair and deceptive trade practices and unjust enrichment with respect to defendant's representations about its renewable energy sources.

Several days after that Order was published, the Massachusetts Department of Public Utilities ("DPU") issued a Notice of Probable Violation ("NOPV") with respect to CleanChoice's business practices.  It included preliminary findings that CleanChoice's contracts and contract summary forms were inaccurate and deceptive and conflicted with CleanChoice's actual business practices.  The issuance of the NPOV initiated formal proceedings against the company.

In October, 2025, plaintiff filed the pending motion for reconsideration.  He asserts that the NOPV conflicts with the Order such that the Court should reconsider its conclusion.  He also asserts that the Court committed manifest error in determining that the fees charged by defendant were not a violation of its duty of good faith and fair dealing.

## II.   Motion for Reconsideration

### A. Legal Standard

Plaintiff moves the Court to reconsider the Order pursuant to Fed.R.Civ.P.59(e).  Rule 59(e) permits a party to file a motion to alter or amend a judgment within 28 days of its entry, but it is an extraordinary remedy that should be used sparingly. Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). Relief should not be granted unless the movant shows 1) an intervening change in the law, 2) discovery of new evidence or 3) a manifest error of law. Heng Ren Invs. LP v. Sinovac Biotech Ltd., 609 F. Supp. 3d 17, 19 (D. Mass. 2022).  Courts will not address new arguments or evidence that the moving party could have previously raised.  Banister v. Davis, 590 U.S. 504, 508 (2020).

### B. Application

#### i.  Issuance of the NOPV

Sommer claims that the NOPV, issued after the Court ruled on defendant's motion to dismiss, conflicts with the Order and warrants reconsideration thereof.  Defendant responds that because the NOPV represents neither a change in law nor the facts it does not support reconsideration under Rule 59(e).

The Court agrees with defendant.  Although federal courts generally defer to state agency factfinding, such deference is warranted only where the agency acts in a judicial capacity and

-3-

resolves disputed facts that the parties have had an opportunity to litigate. Diaz v. City of Somerville, 59 F.4th 24, 29 (1st Cir. 2023). Here, the NOPV represents the initiation of formal proceedings, and includes preliminary findings that CleanChoice has not yet had the opportunity to rebut. There is no factfinding to which this Court is obliged to defer and therefore the notice from a state agency does not represent a change in fact. Furthermore, because the NOPV is not final, it does not constitute a change in law. See Ass'n of Int'l Auto. Mfrs., Inc. v. Comm'r, Mass. Dep't of Env't Prot., 208 F.3d 1, 6 (1st Cir. 2000). For those reasons, the NOPV affords no basis for reconsideration of this Court's Order under Rule 59(e).

### ii. Good Faith and Fair Dealing

Next, Sommer asserts that the Order misapplies the law of good faith and fair dealing with respect to defendant's discretionary rate setting. He contends that the Court 1) failed to consider the FAQ language regarding customers' bills, 2) failed to consider the "market conditions" language in the contract summary and 3) committed a manifest error of law with respect to defendant's discretion under the contract. CleanChoice rejoins that the contract summary and FAQ language were not raised in opposition to the motion to dismiss and that the argument otherwise simply reiterates plaintiff's original proposition.

-4-

Plaintiff's argument is unavailing.  First, the FAQ terms could have been raised in opposition to the motion to dismiss (but were not) and will not be considered at this late date. Second, the Court notes that the "market conditions" language emanates from the NOPV, not prior pleadings in this case. Sommer has not mentioned that language until now, despite claiming that the contract summary was incorporated by reference in the amended complaint.  His new contention could have been previously raised but was not and will not be considered in this motion.

Plaintiff's request to amend the complaint will be denied for the same reason: the "market conditions" language was not previously alluded to and clearly played no part in Sommer's claims.  That the NOPV considered such language critical does not sanction Sommer retroactively to claim the same reliance.

Plaintiff's remaining arguments are simply reiterations of those made in opposition to defendant's motion to dismiss.  He avers that just because the Court interpreted the contract as affording discretion to CleanChoice does not mean that such discretion is unfettered.  The Court considered that argument in its Order, agreeing with plaintiff but finding that he had not pled facts establishing that defendant's rates were commercially unreasonable.  Because plaintiff has not shown that the Order misapprehends a material fact or prevailing law, his argument

will not be reconsidered. <u>See</u> <u>Palmer</u> v. <u>Champion Mortg.</u>, 465
F.3d 24, 30 (1st Cir. 2006).

### ORDER

For the forgoing reasons, the motion for reconsideration
(Docket No. 51) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
Senior United States District Judge

Dated: May 26, 2026