UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MARK SOMMER**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CLEANCHOICE ENERGY, INC.**,<br><br>Defendant. | Civil Case No. 24-CV-11844-NMG |

**CLEANCHOICE ENERGY, INC.'S SUPPLEMENT**
**IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY [Dkt. 96]**

CleanChoice files this supplement to inform the Court of a recent development bearing on its request for Mr. Sommer's engagement letter with counsel. *See* Dkt. 97-2 at 15 (Response to RFP No. 35). Last Monday November 2, during a meet-and-confer in a related case, Mr. Sommer's counsel stated that their clients agree to forgo individual settlements when signing up with class counsel. Matthews Decl. ¶ 4 (describing Nov. 2, 2026 meet-and-confer in *Snowball v. CleanChoice Energy, Inc.*, No. 3:26-cv-04550 (D.N.J.)). Mr. Sommer's counsel made a similar statement in this case that same afternoon during a status conference with Judge Collings. *Id.* ¶ 5.

This new information is significant. Mr. Sommer has objected to producing his engagement letter by arguing that CleanChoice "speculates that the engagement letter might be relevant." Resp. at 9. But if the engagement letter contains a term like the one his counsel described, then it is relevant class-certification evidence that must be produced now.

Such a term goes to the adequacy of both the class representative and class counsel. Fed. R. Civ. P. 23(a)(4), (g)(4). A plaintiff's "retainer and fee agreement . . . is relevant to the Rule

23(a)(4) analysis." *Jean-Pierre v. J&L Cable TV Servs., Inc.*, No. 1:18-CV-11499, 2021 WL 6773087, at *4 (D. Mass. June 28, 2021) (quotation marks omitted). And "a class representative may not completely cede all control over settlement to class counsel." *In re Ocean Bank*, No. 06 C 3515, 2007 WL 1063042, at *6 (N.D. Ill. Apr. 9, 2007) (denying certification where retainer agreement required representative to follow counsel's recommendation on settlement). An agreement to forgo individual settlement raises the same concerns. After all, "nothing in the Rules prevents a client . . . from deciding to settle in the face of a satisfactory offer"—and a retainer agreement precluding that choice can be a reason for denying certification. *Kulig v. Midland Funding, LLC*, No. 13 Civ. 4715 (PKC), 2014 WL 5017817, at *5 (S.D.N.Y. Sept. 26, 2014) (denying class certification for inadequacy of counsel and finding "troubling" a document attached to retainer agreement that "strongly implie[d] that a class representative accepting an individual settlement instead of a classwide settlement is a wrongful act"). Massachusetts's Rules of Professional Conduct confirm the point: "[a] lawyer shall abide by a client's decision whether to accept an offer of settlement of a matter"—not the other way around. Mass. R. Prof. C. 1.2(a).

For these reasons, counsel's statements about their engagement letter demonstrate that Mr. Sommer's is relevant here and should be produced without delay. *See* Resp. at 8–9 (citing, *inter alia*, *Clark v. Berkshire Med. Ctr., Inc.*, No. CV 17-30186-MGM, 2019 WL 78994, at *4 (D. Mass. Jan. 2, 2019); *Nugent v. Secretlab US, Inc.*, No. 22-CV-08944-RFL (PHK), 2024 WL 4331812, at *5 (N.D. Cal. Sept. 27, 2024)). And privilege is no obstacle: "[a]s a general rule, retainer agreements are not shielded by attorney-client privilege." *Jean-Pierre*, 2021 WL 6773087, at *2.

The Court should compel Mr. Sommer to produce, in response to Request for Production No. 35, his engagement letter, including any retainer agreement or accompanying document addressing settlement, within ten days—or, alternatively, submit them for *in camera* review.

Dated: November 13, 2026

Respectfully submitted,

*/s/ Michael D. Matthews, Jr.*

Michael D. Matthews, Jr.*
Diane S. Wizig*
Netra Sreeprakash*
MCDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
matt.matthews@mhllp.com
diane.wizig@mhllp.com
netra.sreeprakash@mhllp.com

John A. Shope (BBO # 562056)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
Telephone: (617) 832-1233
Facsimile: (617) 832-7000
jshope@foleyhoag.com

*Attorneys for Defendant CleanChoice Energy, Inc.*

**Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the 13th day of November 2026, on all counsel of record through the ECF system.

*/s/ Michael D. Matthews, Jr.*
Michael D. Matthews, Jr.